**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 0 6 2019

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LOGAN PHILLIPS**                                                          **PLAINTIFF**

VS.                                  Case No. 4:19-cv-_878-JM_

                                     This case assigned to District Judge __Moody__
**FIS DATA SYSTEMS, INC.**           and to Magistrate Judge____Volpe____  **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Logan Phillips ("Plaintiff"), by and through his attorneys April Rheaume and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint against Defendant FIS Data Systems, Inc. (hereinafter "Defendant"), and in support thereof he does hereby state and allege as follows:

### I.   INTRODUCTION

1.     Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff overtime compensation for all hours that Plaintiff worked in excess of forty (40) per workweek.

### II.   JURISDICTION AND VENUE

2.     The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3.     Plaintiff's claim under the AMWA forms part of the same case or controversy and arises out of the same facts as the FLSA claim alleged in this complaint.

4.     This Court has supplemental jurisdiction over Plaintiff's AMWA claim pursuant to 28 U.S.C. § 1367(a).

5.     Defendant conducts business within the State of Arkansas, with its principal place of operation in Little Rock.

6.     Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

7.     Plaintiff was employed at Defendant's facility located in the Eastern District. Therefore, the acts alleged in this Complaint had their principal effect within the Eastern District, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.     THE PARTIES

8.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

9.     Logan Phillips is a citizen of the United States and a resident of and domiciled in the State of Arkansas.

10.     Plaintiff was hired by Defendant to work as a Technology Business Consultant and Trainer ("Trainer") from approximately June of 2018 until July of 2019.

11.     During Plaintiff's employment, Defendant classified Plaintiff as exempt from the overtime requirements of the FLSA and the AMWA and usually paid Plaintiff a salary.

12.     At all times material hereto, Plaintiff was entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

13.     Defendant is a federally chartered credit union, created and existing under and by virtue of the laws of the United States, providing financial services to customers.

14.     Defendant's annual gross volume of sales made or business done was not less than $500,000.00 during each of the three calendar years preceding the filing of this complaint.

15.     During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as office supplies, furniture, building supplies and hand tools.

16.     Defendant can be served in the State of Arkansas through its agent CT Corporation System, 124 West Capitol, Suite 1900, Little Rock, Arkansas 72201.

17.     Defendant was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

18.     Defendant has all times relevant hereto employed four or more individuals.

## IV.     FACTUAL ALLEGATIONS

19.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

20.     During Plaintiff's employment, Plaintiff worked for Defendant as a Trainer and was responsible for learning computer programs, creating educational

presentations to teach those programs to clients, and traveling to client locations to present to and educate clients.

21.     Plaintiff did not determine what types of workstations, network, hardware, or software the Defendant used; he was not involved in the design or development of the network; he did not decide what software would be available to the Defendant's computer users or determine how that software would be configured; and he did not decide or recommend when equipment must be serviced or replaced. Rather, he simply repaired parts of a system wholly designed and approved by others.

22.     Plaintiff occasionally worked more than forty (40) hours per week while working for Defendant.

23.     Plaintiff did not manage the enterprise or a customarily recognized subdivision of the enterprise.

24.     Plaintiff did not exercise discretion and independent judgment with respect to any matters of significance.

25.     Plaintiff did not provide any training for any employee nor did he direct the work of any employee.

26.     Plaintiff did not select any employees for hire nor did Plaintiff have any ability to fire an employee.

27.     Plaintiff did not have any control of or authority over any employee's rate of pay or working hours.

28.     Defendant did not pay Plaintiff one and one-half (1.5) times his regular rate of pay for all hours worked over forty (40) per week.

29.     Plaintiff was not paid an overtime premium for hours worked in excess of

forty (40) hours per week.

30.     Defendant docked Plaintiff a day's pay any time Plaintiff worked less than five and half hours on a scheduled workday.

31.     Additionally, Defendant made deductions from Plaintiff's pay due to full day absences for sickness that were not in accordance with a bona fide plan, policy or practice of providing compensation for salary lost due to illness.

32.     Defendant knew or showed reckless disregard for whether the way it paid Plaintiff violated the FLSA and the AMWA.

### V.     FIRST CAUSE OF ACTION—Violation of the FLSA

33.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

34.     Plaintiff asserts his claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

35.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

36.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

37.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

38.     Defendant intentionally misclassified Plaintiff as exempt from the overtime

requirements of the FLSA, when in fact Plaintiff was a non-exempt employee entitled to overtime pay.

39.     Despite Plaintiff's entitlement to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half (1.5) times his regular rate of pay for all hours worked over forty (40) in each one-week period.

40.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

41.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.    SECOND CAUSE OF ACTION—Violation of the AMWA

42.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

43.     Plaintiff asserts his claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201 *et seq*.

44.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

45.     Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. §

213 and accompanying DOL regulations.

46.     Defendant misclassified Plaintiff as exempt from the overtime requirements of the AMWA, when in fact Plaintiff was a non-exempt employee entitled to overtime pay.

47.     Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendant failed to pay Plaintiff an overtime rate of one and one-half (1.5) times his regular rate of pay for all hours worked over forty (40) in each one-week period.

48.     Defendant willfully failed to pay overtime wages to Plaintiff.

49.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

50.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Logan Phillips respectfully prays as follows:

A.     That Defendant be summoned to appear and answer this Complaint;

B.     That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to him;

C.      A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

D.      A declaratory judgment that Defendant's practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

E.      Judgment for damages for all unpaid overtime wage compensation owed to Plaintiff under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

F.      Judgment for damages for all unpaid overtime wage compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

G.      Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

H.      Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the relating regulations;

I.      For a reasonable attorney's fee, costs, and pre-judgment interest; and

J.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF LOGAN PHILLIPS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

April Rheaume
Ark. Bar No. 2015208
april@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com